UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL COTA, | Case No. 3:21-cv-00385-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| COPPER HILLS YOUTH CENTER, *et al.*, | |
| Defendants. | |

This action began with a civil rights complaint filed under 42 U.S.C. § 1983 by *pro se* Plaintiff Michael Cota. (ECF No. 1-1.) On September 13, 2021, this Court issued an order directing Cota to file a completed application to proceed *in forma pauperis* ("IFP application") and financial certificate or pay the full $402 filing fee by October 13, 2021. (ECF No. 4.) The deadline has now expired, and Cota has not filed an IFP application and financial certificate or paid the full filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to

comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Cota to file an IFP application or pay the full filing fee by October 13, 2021, expressly stated: "If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, this action will be dismissed." (ECF No. 4 at 3.) Thus, Cota had adequate warning that dismissal would result from his noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Cota's failure to file an application to proceed *in forma pauperis* and financial certificate or pay the full $402 filing fee, in compliance with this Court's September 13, 2021, order. (ECF No. 4.)

It is further ordered that Cota's Motion for Injunction Due to Retaliation (ECF No. 6) and Motion for Subpoena of Records (Second Request) (ECF No. 7) are denied as moot.

The Clerk of Court is directed to close the case and enter judgment accordingly.

DATED THIS 18th Day of October 2021.

                                        MIRANDA M. DU
                                        CHIEF UNITED STATES DISTRICT JUDGE