UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL COTA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>COPPER HILLS YOUTH<br>CENTER, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-00385-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Michael Cota, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge William G. Cobb's Report and Recommendation (ECF No. 28 ("R&R")),[1] recommending that the Court dismiss this action without prejudice and deny as moot Cota's application to proceed *in forma pauperis* (ECF No. 18) and motion to reinstate his motion for a preliminary injunction (ECF No. 20). Cota timely filed an objection (ECF No. 30 ("Objection")). As further explained below, the Court overrules Cota's Objection and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Cota filed his Objection. (ECF No. 30.)

Judge Cobb recommends dismissal without prejudice for lack of personal

---

[1]Judge Cobb retired after issuing the R&R. (ECF No. 31.) United States Magistrate Judge Craig S. Denney now presides over this case. (*Id.*)

jurisdiction and improper venue because Cota failed to allege that the events giving rise to the lawsuit occurred in this District, that Defendants reside in Nevada, and has failed to make any other connection to the District of Nevada. (ECF No. 28 at 1-2.) Cota counters that he alleged in the Complaint that he was placed in Copper Hills Youth Center by the Douglas County Juvenile Court and was transferred to the facility from Willow Springs Center in Reno, Nevada. (ECF No. 30 at 1-2.) Cota was allegedly a resident of Gardnerville, Nevada at the time. (*Id.* at 2.) Cota therefore contends that there is a connection to Nevada because he was under the "direct control of a Nevada Juvenile Court who [chose] to house him in Utah" and that the "events leading to Copper Hills started in Nevada." (*Id.*)

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

To start, none of the Defendants in this action reside in Nevada. Cota specifically alleges that Defendant Copper Hills Youth Center is located in Utah, and Defendants Bret Marshall and David H. Gambles, who appear to work for Copper Hills, also reside in Utah. (ECF No. 1-1 at 2.) Next, Cota is suing Defendants for the alleged mistreatment he suffered at Copper Hills. (*Id.*) He alleges that Defendant Marshall prescribed him illegal medication at Copper Hills, and Defendant Gambles authored a false psychology report at Copper Hills. (*Id.*) Thus, a substantial part of the events that gave rise to the action, specifically the abuse and neglect that Cota suffered at Copper Hills, occurred in the District of Utah—*not* Nevada. *See* 28 U.S.C. § 1391(b)(2). The Court therefore finds that the case should be dismissed without prejudice because venue is improper. *See* 28 U.S.C. § 1406(a) (providing that "[t]he district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

It is therefore ordered that Cota's objection (ECF No. 30) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 28) is overruled.

It is further ordered that Judge Cobb's Report and Recommendation (ECF No. 28) is adopted in full.

It is further ordered that Cota's application to proceed *in forma pauperis* (ECF No. 18) is denied as moot.

It is further ordered that Cota's motion to reinstate his motion for a preliminary injunction (ECF No. 20) is denied as moot.

It is further ordered that Cota's motion for a ruling on his objection (ECF No. 32) is denied as moot.

It is further ordered that this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE